**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 18-2669
_____

MARILYNN ENGLISH,
                                    Appellant

v.

FEDERAL NATIONAL MORTGAGE ASSOCIATION, (FANNIE MAE);
FEDERAL HOME LOAN MORTGAGE CORP, (FREDDIE MAC);
BANK OF AMERICA NA
_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil Action No. 2-13-cv-02028)
District Judge:  Honorable Claire C. Cecchi
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
February 12, 2019
Before:  CHAGARES, BIBAS and GREENBERG, <u>Circuit</u> <u>Judges</u>

(Opinion filed: February 14, 2019)
_____

OPINION[*]
_____

PER CURIAM

     Marilynn English appeals the District Court's order denying her motion for recon-

sideration.  For the reasons below, we will affirm the District Court's order.

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

The procedural history of this litigation is well-known to the parties, set forth in the District Court's June 25, 2018 order, and need not be discussed at length. Briefly, in 2013, English filed a pro se complaint in a state court in New Jersey seeking to quiet the title to a piece of property. Appellees removed the action to the United States District Court for the District of New Jersey. In November 2013, the District Court granted Appellees' motions to dismiss but allowed English to file a second amended complaint. English filed a second amended complaint which the District Court again dismissed without prejudice to amendment. In June 2014, English filed a third amended complaint. On March 21, 2017, the District Court granted Appellees' motions to dismiss and dismissed the third amended complaint. The District Court concluded that English failed to state a claim against Freddie Mac, which disclaimed any interest in English's loans. As for English's claims against Bank of America and Fannie Mae, the District Court concluded that English lacked standing to challenge any assignment of a mortgage and failed to state a claim for fraud.

English filed a timely motion for reconsideration which the District Court denied in October 2017. English then filed another motion for reconsideration seeking to reopen the case. The District Court denied the second motion by order entered June 25, 2018, and English filed a notice of appeal on July 23, 2018.

In her brief, English challenges several aspects of the District Court's March 21, 2017 dismissal of her third amended complaint. However, we lack jurisdiction to review those challenges as the notice of appeal was not timely as to the March 2017 order. A notice of appeal in a civil case must be filed within thirty days of the entry of the order appealed or within sixty days if one of the parties is a United States agency. Fed. R. App.

2

P. 4(a)(1). We need not decide if Fannie Mae or Freddie Mac is a United States agency because the notice of appeal is untimely as to the March 2017 order either way.

While the timely motion for reconsideration filed on March 28, 2017, tolled the time to file a notice of appeal until it was denied by order entered October 30, 2017, English did not file her notice of appeal within sixty days of that order. Rather, she filed another motion for reconsideration on November 3, 2017. It was only after that motion was denied by order entered June 25, 2018, that she filed a notice of appeal. The second motion for reconsideration did not toll the time to file a notice of appeal from the March 2017 order dismissing the third amended complaint. See Turner v. Evers, 726 F.3d 112, 114 (3d Cir. 1984) (successive motions for reconsideration do not toll the time to appeal).

We do have jurisdiction to review English's challenges to the District Court's June 25, 2018 order. In her brief, the only portion of the order English complains of is the denial of a motion to amend filed on April 13, 2018. In that motion, English alleged fraud by the attorneys representing Bank of America. However, in her brief, English argues only that she "did not receive a response addressing the facts in the Motion." Even with the liberal construction given to pro se litigants, this vague remark is not sufficient to raise an issue. See Laborers' Int'l Union of N. Am., AFL-CIO v. Foster Wheeler Corp., 26 F.3d 375, 398 (3d Cir. 1994); Kost v. Kozakiewicz, 1 F.3d 176, 182 (3d Cir. 1993) ("[A]ppellants are required to set forth the issues raised on appeal and to present an argument in support of those issues in their opening brief.") To preserve arguments in a brief, an Appellant must support the arguments with reasoning as well as citation to authorities and portions of the

3

record in support.  Fed. R. App. P. 28(a)(8)(A).  We do not consider undeveloped arguments or those not properly raised and discussed in a brief.  See Doeblers' Pa. Hybrids, Inc. v. Doebler, 442 F.3d 812, 821 n.10 (3d Cir. 2006) (noting that "passing and conclusory statements do not preserve an issue for appeal").

For the above reasons, we will affirm the District Court's June 25, 2018 order.  Appellant's motions to file supplemental briefs and appendices are denied.